IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OPPENHEIMER & CO. INC.,

    Plaintiff,

v.

STEVEN MITCHELL, DORI MITCHELL, JEROME HOPPER, and LORI HOPPER,

    Defendants.

Case No. 2:23-cv-00067

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

## COMPLAINT

Oppenheimer & Co. Inc. ("Plaintiff" or "Oppenheimer") hereby files this Complaint seeking declaratory judgment and injunctive relief against Defendants Steven Mitchell and Dori Mitchell (the "Mitchells") and Jerome Hopper and Lori Hopper (the "Hoppers" and, together with the Mitchells, "Defendants") as follows:

### I.  NATURE OF THE CASE

1. Plaintiff brings this action to enjoin Defendants from arbitrating against Oppenheimer any and all claims they have or could have brought in the pending Financial Industry

COMPLAINT – PAGE 1
Case No. 2:23-cv-00067

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

Regulatory Authority ("FINRA") arbitration styled *Mitchell v. Oppenheimer & Co. Inc.*, FINRA Arb. No. 21-02818 (the "FINRA Arbitration").

2. The FINRA Arbitration is pending in Seattle, Washington.

3. Through this action, Plaintiff seeks to enjoin Defendants from proceeding with their claims in the FINRA Arbitration because Plaintiff and Defendants do not have agreements to arbitrate and because Defendants are not, and have never been, "customers" of Plaintiff such that Plaintiff would be required to arbitrate Defendants' claims under FINRA's Rules.

4. Prior to filing this action, counsel for Oppenheimer conferred with counsel for Defendants in the underlying FINRA Arbitration regarding Defendants' willingness to withdraw their claims in the FINRA Arbitration.

5. On behalf of Defendants, their counsel declined to withdraw their claims in the FINRA Arbitration.

## II. PARTIES

6. Oppenheimer is a New York corporation with its principal place of business and headquarters in New York, New York. Oppenheimer is a broker-dealer and a member of FINRA.

7. Upon information and belief, Steven and Dori Mitchell, husband and wife, are citizens of and domiciled in Olympia, Washington which is in Thurston County and within this Judicial District.

8. Upon information and belief, Jerome and Lori Hopper, husband and wife, are citizens of and domiciled in Olympia, Washington which is in Thurston County and within this Judicial District.

## III. JURISDICTION AND VENUE

9. The Court has original and subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and none of the Defendants is domiciled in the same state as Plaintiff.

COMPLAINT – PAGE 2
Case No. 2:23-cv-00067

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

10. The Court has personal jurisdiction over Defendants because, upon information and belief, they are citizens of Olympia, Washington which is in Thurston County and within this Judicial District.

11. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because Defendants reside within this Judicial District and because the FINRA Arbitration is pending within this Judicial District.

## IV. RELEVANT FACTS

12. On or about November 10, 2021, Defendants filed a Statement of Claim with FINRA Dispute Resolution Services styled *Mitchell v. Oppenheimer & Co. Inc.*, FINRA Arb. No. 21-02818.

13. On January 10, 2022, Oppenheimer filed its answer to Defendants' Statement of Claim in the FINRA Arbitration.

14. In its Answer, Oppenheimer, among other things, reserved its right to object to the FINRA Arbitration on the ground that Oppenheimer has not agreed to arbitrate Defendants' claims.

15. In the Statement of Claim, the Mitchells assert that they invested "over $1.6 million" in an entity called Horizon Private Equity III ("Horizon").

16. The Hoppers assert that they invested "approximately $600,000 in Horizon."

17. Defendants allege that Horizon was a Ponzi scheme. They allege that the Horizon scheme was orchestrated by an Oppenheimer employee named John Woods, with the assistance of others. Woods is not presently a party to the FINRA Arbitration. Oppenheimer is the only Respondent.

18. Defendants assert claims against Oppenheimer for: (1) failure to supervise; (2) violation of FINRA Rule 2010 to "observe high standards of commercial honor and just and equitable principles of trade"; (3) breach of fiduciary duty; and (4) "respondeat superior/agency by estoppel" for fraud, concealment, and other misconduct allegedly committed by Woods.

COMPLAINT – PAGE 3
Case No. 2:23-cv-00067

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

1    19.    Defendants conclusorily allege that they were "customers" of Oppenheimer as that

2  term is used in FINRA Rule 12200, which governs the arbitrability of claims under FINRA's Code

3  of Arbitration Procedure for Customer Disputes.

4    20.    Defendants, however, do not allege that they ever had accounts with Oppenheimer.

5    21.    That makes sense because Oppenheimer has not identified that any of the

6  Defendant has ever had an account with Oppenheimer.

7    22.    Defendant Steven Mitchell does not have an account with Oppenheimer.

8    23.    Defendant Dori Mitchell does not have an account with Oppenheimer.

9    24.    Defendant Jerome Hopper does not have an account with Oppenheimer.

10   25.    Defendant Lori Hopper does not have an account with Oppenheimer.

11   26.    Defendant Steven Mitchell has never had an account with Oppenheimer.

12   27.    Defendant Dori Mitchell has never had an account with Oppenheimer.

13   28.    Defendant Jerome Hopper has never had an account with Oppenheimer.

14   29.    Defendant Lori Hopper has never had an account with Oppenheimer.

15   30.    Defendants do not allege that they ever received an account statement from

16  Oppenheimer.

17   31.    Defendant Steven Mitchell never received an account statement from

18  Oppenheimer.

19   32.    Defendant Dori Mitchell never received an account statement from Oppenheimer.

20   33.    Defendant Jerome Hopper never received an account statement from Oppenheimer.

21   34.    Defendant Lori Hopper never received an account statement from Oppenheimer.

22   35.    Defendants do not allege that they ever entered into any agreement with

23  Oppenheimer.

24   36.    Defendant Steven Mitchell never entered into any agreement with Oppenheimer.

25   37.    Defendant Dori Mitchell never entered into any agreement with Oppenheimer.

26   38.    Defendant Jerome Hopper never entered into any agreement with Oppenheimer.

COMPLAINT – PAGE 4
Case No. 2:23-cv-00067

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

39. Defendant Lori Hopper never entered into any agreement with Oppenheimer.

40. Defendants do not allege that they ever purchased any security or service from Oppenheimer.

41. Defendant Steven Mitchell never purchased any security or service from Oppenheimer.

42. Defendant Dori Mitchell never purchased any security or service from Oppenheimer.

43. Defendant Jerome Hopper never purchased any security or service from Oppenheimer.

44. Defendant Lori Hopper never purchased any security or service from Oppenheimer.

45. Defendant Steven Mitchell does not allege that he ever communicated with any Oppenheimer employee or associated person.

46. Defendant Dori Mitchell does not allege that she ever communicated with any Oppenheimer employee or associated person.

47. The Mitchells allege that they invested in Horizon in August 2016 based on representations by "Michael Mooney."

48. The Hoppers allege that they invested in Horizon in 2016 based on representations by "Michael Mooney."

49. Defendants do not allege that Mooney was associated with or employed by Oppenheimer at the time he allegedly made such representations.

50. Michael Mooney was not an associated person of Oppenheimer in 2016.

51. FINRA Rule 12200 states:

> Parties must arbitrate a dispute under the Code if:
> - Arbitration under the Code is either:
>   (1) Required by a written agreement, or
>   (2) Requested by the customer;
> - The dispute is between a customer and a member or associated person of a member; and

COMPLAINT – PAGE 5
Case No. 2:23-cv-00067

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

- The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.

52. Under Rule 12200, in the absence of a written arbitration agreement, FINRA members, such as Oppenheimer, are obligated to arbitrate disputes "requested by the customer" if the "dispute is between a customer and a member or associated person of a member."

53. There is no written agreement of any kind between Oppenheimer and Defendant Steven Mitchell.

54. There is no written agreement of any kind between Oppenheimer and Defendant Dori Mitchell.

55. There is no written agreement of any kind between Oppenheimer and Defendant Jerome Hopper.

56. There is no written agreement of any kind between Oppenheimer and Defendant Lori Hopper.

57. Oppenheimer has not consented to arbitration of the claims brought by Defendants in the FINRA Arbitration.

58. Defendants are not, and have never been, "customers" of Oppenheimer, as that term is used in FINRA Rule 12200.

59. If Oppenheimer arbitrates Defendants' disputes, it will expend money and human resources to do so.

60. Oppenheimer has no recourse to recover such money or human resources.

61. Oppenheimer will be irreparably harmed if it is required to arbitrate Defendants' disputes without Oppenheimer's consent.

V.     **COUNT I**
**(DECLARATORY JUDGMENT)**

62. Plaintiff repeats and re-alleges all preceding allegations as if fully set forth herein.

COMPLAINT – PAGE 6
Case No. 2:23-cv-00067

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

63. No arbitration agreement exists between Plaintiff and any of the Defendants.

64. There is no basis, including under FINRA's Rules, to require Plaintiff to arbitrate with any of the Defendants because Defendants are not, and never were, customers of Plaintiff.

65. Accordingly, Oppenheimer has no obligation to arbitrate any claims that Defendants have or could have brought in the FINRA Arbitration.

66. Declaratory relief is appropriate because the dispute between the parties is definite and concrete, affecting the parties' adverse legal interests with sufficient immediacy.

67. Plaintiff, therefore, requests a declaratory judgment from this Court pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 that Plaintiff has no obligation to arbitrate any claims that Defendants have or could have brought in the FINRA Arbitration.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

A. Entry of a declaratory judgment that Plaintiff has no obligation to arbitrate any and all claims Defendants have or could have brought in the FINRA Arbitration;

B. Entry of an order or orders preliminarily and permanently enjoining Defendants from arbitrating against Oppenheimer any and all claims they have or could have brought in the FINRA Arbitration;

C. Entry of an award of Plaintiff's attorneys' fees, costs, and disbursements incurred in the FINRA Arbitration and this action; and

D. Such other and further relief as the Court deems fair, just, and proper.


DATED: This 12th day of January, 2023.

**MORGAN, LEWIS & BOCKIUS LLP**

By: *s/ Andrew DeCarlow*
Andrew DeCarlow, WSBA No. 54471
1301 Second Avenue, Suite 2800

COMPLAINT – PAGE 7
Case No. 2:23-cv-00067

MORGAN, LEWIS & BOCKIUS LLP
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401

Seattle, WA 98101
Phone: (206) 274-6400
Email: andrew.decarlow@morganlewis.com

Jason Frank (*Pro Hac Vice to be submitted*)
Matthew McDonough (*Pro Hac Vice to be submitted*)
One Federal Street
Boston, MA  02110
T: (617) 951-8000
Email: jason.frank@morganlewis.com
matthew.mcdonough@morganlewis.com

*Counsel for Plaintiff Oppenheimer & Co. Inc.*

COMPLAINT – PAGE 8
Case No. 2:23-cv-00067

**MORGAN, LEWIS & BOCKIUS LLP**
1301 SECOND AVENUE, SUITE 2800
SEATTLE, WASHINGTON 98101
TEL (206) 274-6400 FAX (206) 274-6401