UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OPPENHEIMER & CO. INC.,

Plaintiff,

v.

STEVEN MITCHELL, DORI MITCHELL, JEROME HOPPER, and LORI HOPPER,

Defendants.

CASE NO. C23-67 MJP

ORDER GRANTING MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on Plaintiff's Motion for Protective Order. (Dkt. No. 59.) Having reviewed the Motion, Defendants' Opposition (Dkt. No. 61), the Reply (Dkt. No. 63), and all supporting materials, the Court GRANTS the Motion.

**BACKGROUND**

Plaintiff Oppenheimer & Co., Inc. filed this declaratory judgment action to avoid having to arbitrate claims that the four Defendants assert against it in a Financial Industry Regulatory Authority (FINRA) arbitration. (See Complaint ¶ 67 (Dkt. No. 1).) Oppenheimer is a member of

FINRA, which is "a non-governmental, self-regulatory agency that has the authority to exercise comprehensive oversight over all securities firms that do business with the public." See Goldman, Sachs & Co. v. City of Reno, 747 F.3d 733, 737 (9th Cir. 2014). Defendants commenced the arbitration to recover funds they invested and lost in a private equity fund called Horizon Private Equity III LLC ("Horizon") that an Oppenheimer-registered broker, John Woods, allegedly created and operated that was a Ponzi scheme.

Oppenheimer obtained a preliminary injunction barring Defendants from pursuing claims in the FINRA arbitration set to commence on March 20, 2023. (Order Granting Motion for Preliminary Injunction (Dkt. No. 49).) In granting the preliminary injunction, the Court noted that the primary question in this action is whether Defendants were Oppenheimer's "customers," as FINRA Rule 12200 defines that term. Although the FINRA rule defines "customer" with great breadth, the Ninth Circuit has narrowed its reach to include only those who "purchase[] commodities or services from a FINRA member [or associated person of the FINRA member] in the course of the member's FINRA-regulated business activities, i.e., the member's investment banking and securities business activities." FINRA Rule 12200, Reno, 747 F.3d at 741.

Defendants seek discovery in the form of depositions of two former Oppenheimer employees. Oppenheimer filed the Motion for Protective Order to limit the discovery. Specifically, Oppenheimer seeks an order preventing Defendants from taking discovery "on matters irrelevant to the claims and defenses of the parties to this civil action, including matters related solely to the merits of claims Defendants may later assert against Oppenheimer." (Proposed Order at 1 (Dkt. No. 59-1).) Defendants argue in opposition that they are "seeking discovery from nonparties in order to prove that they were customers of Oppenheimer." (Opp. at 9 (Dkt. No. 61).) This largely tracks what Oppenheimer believes to be the scope of discovery:

"whether there is any arbitration agreement between Oppenheimer and any Defendant or whether Defendants are or ever were customers of Oppenheimer." (Mot. at 8 (Dkt. No. 59).) Defendants confirm that they do not seek discovery on the merits of their claims, stating in opposition that they are only "seeking discovery from nonparties in order to prove that they were customers of Oppenheimer." (Opp. at 9.) But Defendants wish to ask witnesses about this action and three other declaratory actions Oppenheimer has commenced against other individuals who have commenced FINRA arbitrations against it. Those actions are: (1) Oppenheimer & Co. Inc. v. Ginn, No. 2:23-cv-02994-ODW-SK (C.D. Cal.); (3) Oppenheimer & Co. Inc. v. Covington, No. 1:23-cv-00280-TDS-JEP (M.D.N.C.); and (3) Oppenheimer & Co., Inc. v. Sylvia Majani, Case No. 6:23-00113-CEM-EJK. Prior to filing its Reply brief, Oppenheimer proposed to allow Defendants to examine the witnesses on these same issues as to the defendants in the other three actions. (See Ex. A to the Supplemental Declaration of Matthew C. McDonough (Dkt. No. 64).) But the Parties were unable to reach agreement.

## ANALYSIS

Rule 26(c) allows a party to seek an "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The moving party must meet and confer prior to moving for relief and show "good cause" exists to grant the relief. "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210–11 (9th Cir. 2002).

The Court agrees with Oppenheimer that a protective order in this action should issue given the narrow reach of this declaratory action. Discovery into the merits of Defendants' claims against Oppenheimer are not relevant. On this point, the Parties largely agree. Discovery

in this action must focus solely on whether Defendants were "customers" of Oppenheimer, as the term is defined in FINRA Rule 12200 and as narrowed by the Ninth Circuit. See Reno, 747 F.3d at 741. This is the critical issue to whether Defendants may compel arbitration or not. Discovery may not be conducted into the merits of Defendants' underlying claims against Oppenheimer. However, Oppenheimer has agreed to allow Defendants ask the witnesses deposed in this action about whether the defendants in the other three declaratory actions Oppenheimer has commenced are "customers" under FINRA Rule 12200. The Court finds this proposal reasonable.

In order to ensure the discovery in this action remains properly focused on the dispositive question and to help create efficiencies across all four actions the Parties have identified, the Court GRANTS the Motion. Discovery in this action shall be limited to answering the question of whether Defendants were "customers" of Oppenheimer, as FINRA Rule 12200 and the Ninth Circuit have defined the term "customer." See Reno, 747 F.3d at 741. During depositions noted in this action, Defendants may inquire into whether the defendants named in the other three actions Oppenheimer has filed are "customers" of Oppenheimer. Otherwise, the Parties may not conduct discovery on matters related solely to the merits of the claims Defendants (or the defendants in the other three actions) may later assert against Oppenheimer in a judicial forum or arbitration.

**CONCLUSION**

The Court GRANTS the Motion for Protective Order. Discovery in this action shall be limited to answering the question of whether Defendants in this action and the defendants in the other three actions Oppenheimer has commenced are "customers" of Oppenheimer, as FINRA Rule 12200 and the Ninth Circuit have defined the term "customer." See Reno, 747 F.3d at 741. The Parties may not conduct discovery on matters related solely to the merits of the claims

Defendants (or the defendants in the other three actions) may later assert against Oppenheimer in a judicial forum or arbitration.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 25, 2023.

Marsha J. Pechman
United States Senior District Judge